# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

EDWIN R. CABREJA,

        Plaintiff,

-vs-                                           Case No.  6:08-cv-2172-Orl-22DAB

AVATAR PROPERTIES, INC.,

        Defendant.

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

        This cause came on for consideration without oral argument on the following matters filed

herein:

| | |
|---|---|
| **MOTION:** | **NOTICE OF ACCEPTANCE OF OFFER OF JUDGMENT (CABREJA) (Doc. No. 42)** |
| **FILED:** | **January 6, 2010** |
| | |
| **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**. | |
| **MOTION:** | **NOTICE OF ACCEPTANCE OF OFFER OF JUDGMENT (MICHALAK) (Doc. No. 43)** |
| **FILED:** | **January 6, 2010** |
| | |
| **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**. | |
| **MOTION:** | **NOTICE OF ACCEPTANCE OF OFFER OF JUDGMENT (REINA) (Doc. No. 44)** |
| **FILED:** | **January 6, 2010** |
| | |
| **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**. | |

<table>
<tr><td>**MOTION:**</td><td>**NOTICE OF ACCEPTANCE OF OFFER OF JUDGMENT (RIVERA) (Doc. No. 45)**</td></tr>
<tr><td>**FILED:**</td><td>**January 6, 2010**</td></tr>
</table>

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

<table>
<tr><td>**MOTION:**</td><td>**NOTICE OF ACCEPTANCE OF OFFER OF JUDGMENT (WAGNER) (Doc. No. 46)**</td></tr>
<tr><td>**FILED:**</td><td>**January 6, 2010**</td></tr>
</table>

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

The Court reviews the above filings as "motions," in the context of a fairness review of a Fair Labor Standards Act settlement. In considering settlement of a Fair Labor Standards Act ("FLSA") claim, the Court is to determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the FLSA issues. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982). If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.* at 1353 (*citing Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S.Ct. 925, 928 n.8, 90 L.Ed.1114).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Id*. at 1354. In adversarial cases:

The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.*

Here, the filings indicate that each Plaintiff named has accepted "an amount that is more than the full amount of wages [each named] Plaintiff could recover for his Fair Labor Standards Act ("FLSA") claim against Defendant in this case, plus liquidated damages" and is therefore "an offer of full relief" to each Plaintiff. As it appears that there was no compromise and these Plaintiffs are to be paid in full, no further review is needed. Full recompense is, by its very nature, fair and reasonable from a Plaintiff's point of view. To the extent any action is needed, the Court **recommends** approval of the agreements. The Court notes that this does not conclude the case, as it appears that there are presently two additional opt-in plaintiffs, with outstanding claims.

Under the FLSA, Plaintiffs who prevail are entitled to an award of reasonable attorney's fees and costs. As noted in the filings, the parties have agreed to reasonable attorney's fees and costs "to be decided by the Court." To the extent the parties cannot reach an agreement on the amounts (see Local Rule 3.01(g)), an appropriately supported motion should be filed within 14 days.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on January 7, 2010.

David A. Baker

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy