EDWIN R. CABREJA,

        **Plaintiff,**

-vs-                              **Case No. 6:08-cv-2172-Orl-22DAB**

AVATAR PROPERTIES, INC.,

        **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

      This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **MOTION TO APPROVE SETTLEMENT AND DISMISS ACTION (Doc. No. 52)** |
| **FILED:** | **March 5, 2010** |

      **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**, **in part and DENIED, in part.**

      This is a Fair Labor Standards Act case involving named Plaintiff and several other opt-in Plaintiffs. As set forth in prior Reports and Orders, the claims of the named Plaintiff (Cabreja) and the other opt-in Plaintiffs (Michalak, Reina, Wagner, Rivera) are no longer pending, as they accepted Defendant Avatar's Offers of Judgment for full relief. *See* Doc. Nos. 47 and 50 (Report and Recommendation and Order approving the offers). Following that acceptance, two issues remained in the case: (1) the claims of Plaintiffs Becwar and Ramirez and (2) the amount of Plaintiffs'

attorneys' fees for all claims. In the present motion, the parties seek approval of the settlement agreement reached as to Plaintiffs Becwar and Ramirez and the agreed amount of attorneys' fees as to all the claims, and dismissal of the case, with prejudice. The Court **respectfully recommends** that the motion be **granted, in part and denied, in part, as set forth herein.**

### *The claims of the remaining two opt in Plaintiffs*

In considering settlement of a Fair Labor Standards Act ("FLSA") claim, the Court is to determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the FLSA issues. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982). If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id*. at 1353 (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S.Ct. 925, 928 n.8, 90 L.Ed.1114).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Id.* at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the

policy of encouraging settlement of litigation.
*Id.*

Applied here, following notification of settlement, the Court directed the parties to file their Joint Motion for approval and dismissal, "along with the settlement documents and supporting documentation." (Doc. No. 51). Although the instant motion purports to provide that documentation, there is no information as to the amount of attorney's fees actually incurred, or any evidence as to their reasonableness, and no *specific* information, with respect to the reasonableness of the compromises at issue here.

Plaintiff Becwar filed Interrogatory Answers setting forth an estimated overtime claim of $3,701.60, plus liquidated damages (which are in like amount) and attorneys fees and costs (Doc. No. 25-1). The papers reflect that he compromised his claim for less than half – settling for $1,500.00, plus liquidated damages, for a total of $3,000.00 and $1,000 in attorneys fees (Doc. No. 52-1). Plaintiff Ramirez's answers reflect a claim of $28,116.00, plus liquidated damages and attorneys fees and costs (Doc. No. 39-1). The papers reflect that he compromised his claim even more significantly, settling for $3,000.00 plus liquidated damages, for a total of $6,000.00 and $1,000 in attorneys fees (Doc. No. 52-1). In support of these deep discounts, the parties note that they "compromised their claims for alleged overtime based on their desire to avoid the time and costs associated with this litigation" and "[a]fter reviewing the Defendant's payroll records, other information obtained in discovery, and Defendant's Answer and Affirmative Defenses, RAMIREZ and BECWAR are satisfied that the amounts of each of their settlements represent a reasonable compromise of their claims." (Doc. No. 52).

While the Court appreciates and encourages settlements in litigation, the parties here have not presented sufficient information for the Court to approve these settlements as reasonable.

The parties note that liability was disputed, and "the likelihood of liquidated damages was questionable." Even if the Court were to ignore liquidated damages entirely, however, the compromises here are exceptionally deep. Indeed, Ramirez has agreed to accept approximately one-tenth of his claim in full satisfaction. Such a compromise requires more than a general "we looked at everything and this was fair." Absent more specific information, the Court cannot find that such a compromise of a claim that is, for present purposes, presumed to be viable is "reasonable" under any definition. The Court **respectfully recommends** that the motion be **denied, without prejudice** as to renew as to these Plaintiffs, upon a more sufficient showing.[1]

### *The amount of attorney's fees for the Plaintiffs accepting Offers of Judgment*

The motion also reflects that the parties have agreed to an amount of $4,500.00 as attorneys' fees and costs for the claims of CABREJA, WAGNER, MICHALAK, RIVERA and REINA. As noted in prior Report, these Plaintiffs accepted an offer in full for their claims. As such, there is no compromise to evaluate and the Court accepts the parties' agreement with respect to this amount as an appropriate fee under FLSA. It is therefore **respectfully recommended** that the motion be **granted, in part,** and the Court approve the amount of $4,500.00 as attorneys' fees and costs for the claims of CABREJA, WAGNER, MICHALAK, RIVERA and REINA, and dismiss said claims, with prejudice. The claims of Becwar and Ramirez remain, as set forth above.

---

[1]Although not dispositive in view of the foregoing, the absence of any proof with respect to the attorneys' fees is also troublesome. The Court cannot evaluate reasonableness of the fees in this context, without any information as to what was actually incurred.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on March 8, 2010.

*David A. Baker*
_____
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy