**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**EDWIN R. CABREJA,**
**and others similarly situated,**

      **Plaintiff,**

**-vs-**                **Case No. 6:08-cv-2172-Orl-22DAB**

**AVATAR PROPERTIES, INC.,**

      **Defendant.**
_____

## ORDER

   This cause is before the Court on the Joint Motion for Approval of Settlement and Motion for Dismissal With Prejudice (Doc. No. 52) filed on March 5, 2010.

   The United States Magistrate Judge has submitted a report recommending that the Motion be granted in part and denied in part. Specifically, the Magistrate Judge recommended approval of the amount of fees and costs to the Plaintiffs who accepted the offers in full of their claims, and deny approval of the amounts to be paid the remaining Plaintiffs in settlement, fees and costs. The Magistrate Judge noted, " . . . there is no information as to the amount of attorney's fees actually incurred, or any evidence as to their reasonableness, and no *specific* information, with respect to the reasonableness of the compromises at issue here." Further concern was the exceptionally deep compromises from the amounts listed in the Court's Interrogatories to Plaintiffs (Doc. Nos. 25-1 and 39-1).

   On March 22, 2010 the parties filed a Joint Motion Objecting, in part, to Report and Recommendation of the Magistrate Denying Approval of Settlement of Claims of Plaintiffs

Becwar and Ramirez (Doc. No. 54). In the filing Becwar and Ramirez set forth specific information supporting the compromises. The named Plaintiff and the other Plaintiffs who received full payment were employed as Customer Service Representatives. Becwar and Ramirez were employed as superintendents. Accordingly, they may not be considered similarly situated to the named Plaintiff, and may have been exempt from the overtime requirements.

Becwar and Ramirez indicate that they recalculated their damages, after the filing of the Court's interrogatories, based on additional information from discovery. The initial calculations did not account for vacation days or other time off. Further, they used the wrong rate of pay in the calculations. Also, Ramirez's accounting commenced December 2005, but his relevant date for recovery began May 2006. There was an additional issue as to the set-off of the severance pay received and the effect of the executed Confidential Severance Agreements and General Releases signed by the Plaintiffs. Finally, Ramirez has executed an Affidavit explaining his decision to settle. Based on the foregoing the Court finds that the settlement of the claims of Becwar and Ramirez are fair and reasonable compromises of legitimate disputes between parties represented by competent counsel.

The Court now addresses the award of attorney's fees and costs. The parties conducted discovery including the Court's interrogatories and verified summaries, additional interrogatories, requests for production and the deposition of Ramirez. The parties aver that the negotiated fees and costs represent a reduction in the fees and costs actually incurred. Given this additional information the Court finds that an award of attorneys' fees and costs to Becwar and Ramirez of $1000.00 each to be reasonable.

The Court has conducted an independent *de novo* review of the record in this matter, and based thereon it is **ORDERED** as follows:

1. The Report and Recommendation filed March 8, 2010 (Doc. No. 53) is ADOPTED and CONFIRMED and made a part of this Order with respect to the Magistrate Judge's recommendation that the Court approve the amount of fees and costs as to the Plaintiffs who accepted the Offers of Judgment.

2. The Joint Motion for Approval of Settlement and Motion for Dismissal With Prejudice (Doc. No. 52), as supplemented by the Joint Motion Objecting, in part, to Report and Recommendation of the Magistrate Denying Approval of Settlement of Claims of Plaintiffs Becwar and Ramirez, and the Joint Motion (Doc. No. 54), are hereby GRANTED.

3. The amount of $4,500.00 as attorneys' fees and costs is hereby APPROVED for the claims of CABREJA, WAGNER, MICHALAK, RIVERA and REINA.

4. The Court hereby APPROVES the Settlement Agreements of Shawn Becwar (Doc. No. 52-3) and Gustavo Ramirez (Doc. No. 52-2).

5. This case is DISMISSED WITH PREJUDICE.

6. The Clerk is directed to CLOSE the file.

**DONE** and **ORDERED** in Chambers, in Orlando, Florida on March 25, 2010.

Copies furnished to:

United States Magistrate Judge
Counsel of Record

ANNE C. CONWAY
United States District Judge